**NOT FOR PUBLICATION**

[Doc. Nos. 35, 36, 40]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SAMUEL R. FEASTER,<br><br>    Plaintiff,<br>  v.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>    Defendants. | Civil No. 14-3417 (KMW)<br><br>**OPINION** |

James J. Pettit, Esq.,
Law Offices of James J. Pettit,
Marlton, NJ for Plaintiff

Michael B. Leh, Esq.,
Locks Law Firm, Philadelphia, PA, for Plaintiff

John C. Garde, Esq.,
McCater & English, LLP,
Newark, NJ for Defendant Owens-Illinois, Inc.

Thomas B. McNulty, Esq.,
McGivney & Kluger, P.C.,
Florham Park, NJ for Defendant Durametallic Corporation

Matthew P. Kessler, Esq.,
McGivney & Kluger, P.C.,
Florham Park, NJ for Defendant Brand Insulations, Inc.

WILLIAMS, Magistrate Judge

**I. INTRODUCTION**

In this action, Plaintiff Samuel R. Feaster ("Plaintiff" or "Feaster") alleges he contracted mesothelioma while employed at

1

New York Shipbuilding and Drydock Company in Camden, New Jersey, and Sun Ship Yard in Chester, Pennsylvania.  *See* Compl., Doc. No. 1-1.  Presently, before the Court are three separate Motions for Summary Judgment filed by Defendants Owens-Illinois Inc. ("Owens-Illinois") [Doc. No. 35], Brand Insulations Inc. ("Brand") [Doc. No. 36], and Durametallic Corp. ("Durametallic") [Doc. No. 40].  By letter dated June 23, 2015, Plaintiff advised that he would not oppose the Motions filed by Durametallic, A.W. Chesterton Company[1], Foster Wheeler, Westinghouse, Owens-Illinois, and Brand.  *See* Pl.'s Letter, Jun. 23, 2015, Doc. No. 54.  For the reasons set forth below, the Court will grant Defendants' Motions for Summary Judgment.

## II.  BACKGROUND

### A. Facts

As set forth above, Plaintiff has not opposed Defendants' Motions nor has he submitted a responsive statement of material facts.  As such, the facts set forth in Defendants' statements of undisputed facts are uncontroverted.[2]   L. Civ. R. 56.1(a).

---

[1] A Stipulation and Order of Dismissal was entered as to A.W. Chesterton on May 22, 2015.

[2] In this District, motions for summary judgment shall include a statement of material facts not in dispute.  L. Civ. R. 56.1(a).  In opposing a summary judgment motion, the nonmoving party shall state which material facts are in dispute and support same with appropriate citations to the record.  *Id.* "[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."  *Id.*

Therefore, the Court accepts the following undisputed facts as true.  Plaintiff alleges injuries as a result of his exposure to asbestos-containing products while working as a cleaner at New York Shipbuilding and Drydock Company in Camden, New Jersey, and as a rigger at Sun Ship Yard in Chester, Pennsylvania.  Owens-Illinois's Rule 56.1 Statement of Uncontested Facts ("Owens-Illinois 56.1 Statement") ¶ 1.  Plaintiff was deposed for three days, on May 8, May 15, and May 28, 2014.  *Id.* at ¶ 6.

Plaintiff testified that he was exposed to asbestos-containing insulation while employed at New York Shipbuilding and Drydock Company.  *Id.* at ¶ 7.  The only insulation manufacturers identified by Plaintiff were Owens-Corning Fiberglass Corporation and Johns-Manville.  *Id.* at ¶ 8.  With respect to Owens-Illinois, the only asbestos-containing insulation product manufactured, sold and/or distributed by Owens-Illinois had the trade name "Kaylo." *Id.* at ¶ 11; Affidavit of Susan J. Gibbons ("Gibbons Aff.") ¶ 2a, Ex D.  Plaintiff was shown the Owens-Illinois Kaylo insulation label and he testified that he did not recognize Kaylo insulation and did not recall seeing Kaylo products at any of the shipyards where he was employed.  *Id.* at ¶ 9.  Owens-Illinois sold its Kaylo division to Owens-Corning Fiberglass Corporation on April 30, 1958 and, thereafter, did not manufacture, sell, and/or distribute any

3

asbestos-containing Kaylo insulation products.  *Id.* at ¶ 12-13; Gibbons Aff. ¶ 2c.

Similarly, Plaintiff did not identify Defendant Brand or Durametallic as a source of his asbestos exposure. Brand Statement of Uncontested Material Facts Pursuant to 56.1 ("Brand 56.1 Statement") ¶ 8; Durametallic Statement of Uncontested Materials Pursuant to Rule 56.1 ("Durametallic 56.1 Statement") ¶ 7.

### B. Procedural History

On or about December 31, 2013, Plaintiff filed this action in the Middlesex County Superior Court.  *See* Owens-Illinois's 56.1 Statement ¶ 1.  On or about May 30, 2014, this action was removed to the United States District Court for the District of New Jersey by Defendants Foster Wheeler Corp. and General Electric Company pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.  *Id.* ¶ 2; Notice of Removal [Doc. No. 1].  Plaintiff passed away on April 6, 2015. *Id.* ¶ 4.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410,

4

416 (3d Cir. 2015)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover,"[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 249).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial.*''" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Finally, all evidence shall be construed, and all reasonable inferences drawn, in the light most favorable to the nonmoving party. *Id.*

**IV. DISCUSSION**

Defendants Owens-Illinois, Brand, and Durametallic are entitled to summary judgment because Plaintiff has failed to adduce any evidence demonstrating that said Defendants manufactured, supplied or distributed the asbestos-containing product which Plaintiff was exposed to on a frequent and regular basis. In this regard, the Court applies New Jersey law which, in an asbestos case, requires that the Plaintiff first establish, "in addition to

5

other elements of a product liability action, exposure to friable asbestos manufactured or distributed by the defendant." *Sholtis v. Am. Cyanamid Co.*, 238 N.J. Super. 8, 30 (App. Div. 1989). Additionally, to defeat summary judgment, plaintiff must produce evidence demonstrating that "'reasonable jurors could infer that sometime during [plaintiff's] work histor[y] ... plaintiff [was] exposed to a defendant's friable asbestos frequently and on a regular basis, while [plaintiff was] in close proximity to it[,]' as well as 'competent evidence, usually supplied by expert proof, establish[ing] a nexus between the exposure and plaintiff's condition.'" *Thomasson v. Air & Liquid Sys. Corp.*, No. 13-1034, 2015 WL 1639730, at *3 (D.N.J. Apr. 9, 2015).

Here, the Court need not discuss whether there is evidence establishing Plaintiff's level of contact with asbestos or an asbestos-containing product because Plaintiff has failed to adduce any evidence identifying any of the aforementioned Defendants as having manufactured, supplied or distributed the asbestos-containing products to which Plaintiff claims exposure. *Thomasson*, 2015 WL 1639730, at *3 ("to prevail on a tort claim for asbestos exposure, plaintiff must identify an asbestos-containing product manufactured or supplied by defendant."). While Plaintiff testified that he was exposed to asbestos-containing insulation through his work on the various ships, each Defendants' uncontested

6

56.1 Statements provide that Plaintiff did not identify Owens-Illinois, Brand, or Durametallic as a source of his asbestos exposure. Indeed, Defendant Owens-Illinois showed Plaintiff its insulation label for its Kaylo product, the only asbestos-containing thermal insulation product manufactured, sold, and/or distributed by Owens-Illinois, and Plaintiff indicated that he did not recall seeing said product at any of the ships and/or shipyards where he was employed. Thus, the failure of Plaintiff to adduce any evidence establishing that he was exposed to the asbestos-containing products manufactured, sold, and/or distributed by these Defendants is fatal to Plaintiff's claims against said Defendants and, thus, summary judgment is appropriate.

## V. CONCLUSION

Consequently, Defendants', Owens-Illinois, Brand, and Durametallic, Motions seeking summary judgment are granted. An accompanying Order will be entered.

Date: December 3, 2015        s/ Karen M. Williams
                              KAREN M. WILLIAMS
                              UNITED STATES MAGISTRATE JUDGE